Case: 1:25-cv-12542 Document #: 12 Filed: 11/10/25 Page 1 of 10 PageID #:146

FILED
11/10/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

BC

CVK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Brendan M. Burns, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-12542 |
| ) | Honorable Lindsay C. Jenkins |
| Sheila E. Burns; Goggin & Associates; ) | |
| Terrence J. Goggin; Terrence R. Goggin; ) | |
| John F. Goggin; Gail W. Goggin; ) | |
| Kathy P. Goggin, Psy.D.; M. Mark McKee, ) | |
| Psy.D.; Seth A. Eappen, M.D.; ) | |
| Seth A. Eappen, MD, PLLC; Eappen Clinic; ) | |
| Roberts, P.C.; Keith E. "Chuck" Roberts; ) | |
| Karis Psychological Services, PLLC; ) | |
| Megan Oliverio, Psy.D., individually and ) | |
| d/b/a Shared Vision Psychological Services; ) | |
| Shared Vision, Inc.; Eva Tameling; ) | |
| Tameling & Associates; ) | |
| Ann Marie Lampariello a/k/a ) | |
| Ann Marie Lampariello Perez; ) | |
| and Lamp Law, LLC, ) | |
| ) | |
| Defendants. | |

## FIRST AMENDED VERIFIED COMPLAINT AT LAW

### Parties, Jurisdiction, and Venue

1. Plaintiff Brendan M. Burns is a citizen of Illinois. He brings this action under 18 U.S.C. §§ 1962(c) and 1962(d), seeking civil remedies under § 1964(c) for injury to business or property.

2. Defendants Sheila E. Burns; Goggin & Associates; Terrence J. Goggin; Terrence R. Goggin; John F. Goggin; Gail W. Goggin; Kathy P. Goggin, Psy.D.; M. Mark McKee, Psy.D.; Seth A. Eappen, M.D.; Seth A. Eappen, MD, PLLC; Eappen Clinic; Roberts, P.C.; Keith E. "Chuck" Roberts, Jr.; Karis Psychological Services, PLLC; Megan

Oliverio, Psy.D., individually and doing business as Shared Vision Psychological Services; Shared Vision, Inc.; Eva Tameling; Tameling & Associates; Ann Marie Lampariello a/k/a Ann Marie Lampariello Perez; and Lamp Law, LLC are individuals and entities located in Illinois who, at all relevant times, used the mails and interstate wires in furtherance of the scheme described below.

3. This Court has jurisdiction under 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c). Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events occurred in this District.

4. Plaintiff does not seek to modify any domestic-relations decree and does not ask this Court to review or vacate any state-court judgment. The claims seek money damages for independent racketeering-driven injuries to property, not custody or support modification.

## The Enterprise and Participants (18 U.S.C. § 1961(4))

5. The Goggin Enterprise is an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4), comprising Goggin & Associates; Terrence J. Goggin; Terrence R. Goggin; John F. Goggin; Gail W. Goggin; Sheila E. Burns; Kathy P. Goggin, Psy.D.; Roberts, P.C.; Keith E. "Chuck" Roberts, Jr.; Karis Psychological Services, PLLC; Megan Oliverio, Psy.D., individually and d/b/a Shared Vision Psychological Services; Shared Vision, Inc.; M. Mark McKee, Psy.D.; Seth A. Eappen, M.D.; Seth A. Eappen, MD, PLLC; Eappen Clinic; Eva Tameling; Tameling & Associates; Ann Marie Lampariello a/k/a Ann Marie Lampariello Perez; and Lamp Law, LLC (collectively, the "Enterprise Participants").

6. The Enterprise operated in Illinois with a common purpose: to extract money from Plaintiff and to conspire to keep the minor children, J.M.B. and S.E.B., from their father,

Brendan Burns, in violation of the parties' Marital Settlement Agreement and Judgment for Dissolution of Marriage, despite no finding at any time that Brendan was a danger to or ever harmed the children.

7. This conduct continued even after the April 29, 2021 hearing before Judge Neal W. Cerne, where the Court found that Sheila E. Burns had alienated Brendan's relationship with the children and explicitly stated that Brendan "was not an endangerment to the children."

8. The Enterprise's participants used their professional and familial positions to reinforce that alienation and to weaponize legal and clinical processes for financial gain.

9. The Enterprise possessed continuity and structure from 2011 through 2025 and ongoing, maintaining defined roles among attorneys, psychologists, therapists, and court-appointed professionals.

10. Its pattern of conduct began shortly after the Burns marriage dissolution and continued through coordinated filings, false medical reports, and misuse of therapeutic processes to alienate the children and extract money from Plaintiff under color of legitimacy.

## Pattern of Racketeering Activity (18 U.S.C. § 1961(1))

11. Predicate acts include mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343) carried out through:

    a. False affidavits and letters transmitted by mail or email to Plaintiff and courts between 2011 and 2025, including Financial Affidavits proving both criminal and civil fraud and a November 30, 2018 letter drafted by John F. Goggin misstating financial-affidavit ranges and repeated expense claims unsupported by records.

    b. Medical and psychological records disseminated via email or mail containing false

statements about Plaintiff's health and embedding those falsehoods in a minor child's chart to influence litigation (2020–2024), including records prepared or influenced by Megan Oliverio, Psy.D., individually and d/b/a Shared Vision Psychological Services, and later disseminated by Karis Psychological Services, PLLC and Seth A. Eappen, M.D., PLLC and the businesses affiliated with these persons.

c. Procedural communications from court-appointed or self-styled officers (including Roberts, P.C. and Keith E. "Chuck" Roberts, Jr., Eva S. Tameling and Tameling and Assoc., M. Mark McKee, Psy.D., Ann Marie Lampariello a/k/a Ann Marie Lampariello Perez, and Lamp Law, LLC) designed to prolong discovery, inflate fees, and coerce payments under color of legitimacy (2017-present).

12. Each predicate act involved (i) a material misrepresentation or omission, (ii) intent to obtain money from Plaintiff, (iii) use of the mails or interstate wires, and (iv) reliance by Courts or third-party custodians causing Plaintiff's direct monetary loss.

**Concrete Injury to Business or Property (18 U.S.C. § 1964(c))**

13. Plaintiff sustained concrete property injuries, including:

    • Overpayments and duplicate child-support or "purge" sums extracted through fraud-tainted filings (2008–2025).

    • Cash-only therapist payments to M. Mark McKee, Psy.D. (~18 months of weekly sessions).

    • Court-ordered vendor fees for "supervised visitation" and duplicative medical-share payments based on falsified records generated by Megan Oliverio, Psy.D., individually and d/b/a Shared Vision Psychological Services, and others.

    • Documented July 2024 payments totaling approximately $6,600 to $7,150 (plus a third-

party check of $1,240), exceeding the purge amount yet followed by continuing charges.

• Lost income from time diverted responding to fraudulent pleadings and professional reports for 15+ years and said sums are ongoing.

14. These monetary losses are specific, definite, and recoverable as "injury to business or property" under Seventh Circuit RICO standards, and every said expense fraudulently procured or procured as a result of the conduct by the Enterprise are capable of precise calculation and production in this litigation.

### Reliance and Causation

15. Plaintiff and court officers relied on the false submissions (affidavits, expert reports, and correspondence), causing Plaintiff to make unwarranted payments and incur legal expenses he would not otherwise have paid. The losses were the direct and foreseeable result of Defendants' conduct.

### COUNT I – RICO (18 U.S.C. § 1962(c))

16. Plaintiff realleges ¶¶ 1–12.

17. Defendants conducted or participated in the affairs of the Goggin Enterprise through a pattern of mail and wire fraud, using fabricated financial data, misleading medical or psychological narratives, and abusive procedural filings to obtain money from Plaintiff.

18. Plaintiff suffered injury to property as set forth in ¶ 10, entitling him to treble damages and fees under 18 U.S.C. § 1964(c).

### COUNT II – RICO Conspiracy (18 U.S.C. § 1962(d))

19. Each Defendant knowingly agreed to facilitate the Enterprise's unlawful objectives and to commit predicate acts of mail and wire fraud. Overt acts include the transmissions identified in ¶ 8.

### Additional Allegations Concerning Kathy P. Goggin, Psy.D.

20. Defendant Kathy P. Goggin, Psy.D. is a licensed Illinois psychologist, aunt of Defendant Sheila E. Burns, and former sister-in-law of Terrence J. Goggin. She is closely affiliated with Goggin & Associates and acted as a family consultant and referring psychologist within the Enterprise.

21. In late 2019 and through 2020, Dr. Kathy Goggin contacted Sheila and Terrence J. Goggin to propose a "therapeutic pathway" designed to produce litigation-useful documentation. She referred the child S.E.B. to Megan Oliverio, Psy.D., individually and d/b/a Shared Vision Psychological Services, and later to Seth A. Eappen, M.D.

22. Dr. Kathy Goggin shared Plaintiff's private medical information without authorization, including false assertions of hypertension and anxiety, which were inserted into S.E.B.'s records and later relied upon in court filings.

23. Her participation was not therapeutic but litigation-driven. She collaborated with Goggin & Associates and Sheila E. Burns to alienate Plaintiff from his children and escalate litigation costs by promoting medically unnecessary treatments and restrictions.

24. As a direct result, S.E.B. was over-treated and over-medicated; Brendan Burns was wrongfully portrayed as a danger; and he incurred economic damages through inflated medical bills, attorney fees, and lost income.

### COUNT III – Fraud

25. Each Defendant knowingly made or transmitted false statements of material fact—including falsified financial affidavits, medical records, and professional letters—intended to induce payments or judicial reliance. Plaintiff relied on and was harmed by those misrepresentations, suffering measurable financial losses.

### COUNT IV – Abuse of Process

26. The herein named Defendants misused legal process for ulterior purposes—to inflate fees, compel overpayments, and harass Plaintiff—acts not proper in the regular conduct of legal proceedings and in derogation of the sanctity of the legal profession.

27.  The misuse caused direct financial injury, including attorneys' fees and coerced payments.

28. Defendants combined and agreed to commit the torts and racketeering acts described herein, each performing overt acts in furtherance of the common scheme to defraud and injure Plaintiff.

### COUNT VI – Intentional Interference with Prospective Economic Advantage

29. Defendants intentionally interfered with Plaintiff's professional income-earning capacity by publishing false medical and legal narratives that deterred clients, damaged reputation, and imposed unwarranted financial burdens forcing Plaintiff into homelessness.

### COUNT VII-A – Professional Negligence / Medical Malpractice

30. The 'medical' Defendants owed professional duties of care in evaluating and treating minor S.E.B.

31. They breached those duties by relying on unverified, defamatory information supplied by Sheila E. Burns and Goggin & Associates without informed consent or clinical necessity.

32. The breaches caused economic harm to Plaintiff through inflated treatment expenses and derivative consequences.

**COUNT VII-B – Unauthorized Disclosure of Protected Health Information**

33. Defendants Kathy P. Goggin, Psy.D.; Megan Oliverio, Psy.D., individually and d/b/a Shared Vision Psychological Services; Seth A. Eappen, M.D.; Karis Psychological Services, PLLC; Shared Vision, Inc.; the Goggin Defendants, and others disclosed Plaintiff's protected health information without authorization, in violation of 45 C.F.R. § 164.502 and the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/5 and /10 – some of this information was inaccurate and defamatory per se – purposefully interfering with judicial decisions and harming minor children throughout the litigation 2011-present.

34. These statutory violations constitute negligence per se and predicate acts for the racketeering pattern.

**COUNT VII-C – RICO Predicate Acts: Mail/Wire Fraud and Obstruction of Justice**

35. From 2019 through 2025, these Defendants used interstate emails, letters, and billing submissions to transmit fabricated medical narratives and procedural falsehoods to influence tribunals and increase payments. Each transmission was material and intended to mislead, constituting racketeering acts under 18 U.S.C. §§ 1341, 1343, 1503, and 1512.

**WHEREFORE**, Plaintiff respectfully requests judgment in his favor and against all Defendants, jointly and severally, as follows:

a. Treble damages under 18 U.S.C. § 1964(c) for all property injuries;

b. Compensatory damages for overpayments, fees, and lost income;

c. Punitive damages against **Kathy P. Goggin, Psy.D.** and participating medical entities for

negligent and fraudulent conduct;

d. Pre- and post-judgment interest;

e. Reasonable attorneys' fees and costs permitted by law; and

f. Such other and further relief as the Court deems just and proper.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

## Rule 7.1 Corporate Disclosure Statement

If determined applicable, pursuant to Fed. R. Civ. P. 7.1, Plaintiff makes the following disclosures:

1. **Goggin & Associates** is a privately held Illinois law firm with no parent corporation and no publicly held corporation owning 10 percent or more of its stock or interest.
2. **Roberts, P.C.** is a privately held Illinois professional corporation with no parent corporation and no publicly held ownership.
3. **Karis Psychological Services, PLLC** is a privately held Illinois professional limited liability company with no parent entity and no publicly held ownership interests.
4. **Shared Vision, Inc.** is a privately held Illinois corporation with no parent corporation and no publicly held ownership interests.
5. **Seth A. Eappen, MD, PLLC** is a privately held Illinois professional limited liability company with no parent corporation and no publicly held ownership interests.
6. **Tameling & Associates** is believed to be a privately held Illinois law or consulting practice with no parent corporation and no publicly held ownership interests.
7. **Lamp Law, LLC** is a privately held Illinois limited liability company with no parent corporation and no publicly held ownership interests.

No other corporate party to this action has any parent corporation or publicly traded ownership interest subject to disclosure.

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to **735 ILCS 5/1-109**, the undersigned certifies that the statements set forth in this Motion are true and correct, except as to matters therein stated to

be on information and belief, and as to such matters the undersigned certifies that he verily believes the same to be true.

Dated:     11-5-2025                               *Brendan Burns*
                                                                                 **Brendan M. Burns, Plaintiff**

Counsel/Contact (Pro Se):
**Brendan M. Burns**
1115 Shagbark Rd., 1C
New Lenox, IL 60451
Tel: (708) 466-5572
Email: brendanlaw1@hotmail.com